Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★      ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00852-CR

Oscar **FABELLA** a/k/a Oscar Gabriel Fabela,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-6573
Honorable Raymond Angelini, Judge Presiding

PER CURIAM

Sitting:       Sandee Bryan Marion, Justice
              Phylis J. Speedlin, Justice
              Rebecca Simmons, Justice

Delivered and Filed:   January 14, 2009

DISMISSED

Pursuant to a plea bargain agreement, appellant, Oscar Fabella, pled nolo contendere to

sexual assault of a child. On November 10, 2008, the trial court imposed sentence and signed a

certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant

has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After appellant filed his notice of appeal,

the court clerk sent copies of the certification and notice of appeal to this court. *See* TEX. R. APP. P. 25.2(e). Appellant filed a general pro se notice of appeal, in which he contends the punishment exceeded that recommended by the State, the trial court denied a pre-trial motion for appointment of a female psychiatrist, and the trial court granted him permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2) (in a plea bargain case, a defendant may appeal only those matters raised in a written motion ruled on before trial or after obtaining the trial court's permission to appeal). The court's docket sheet does not indicate any orders ruling on these pre-trial motions and the certification does not indicate appellant was given permission to appeal. The clerk's record contains a written plea bargain agreement, and the punishment assessed did not exceed the punishment recommended by the State and agreed to by the appellant; therefore, the trial court's certification reflects that appellant's case is a plea bargain case and he does not have a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) provides, "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). Accordingly, on December 15, 2008, this court issued an order stating this appeal would be dismissed pursuant to Rule 25.2(d) unless an amended trial court certification that shows defendant has the right of appeal was made part of the appellate record. *See Daniels v. State*,110 S.W.3d 174 (Tex. App.—San Antonio 2003, order); TEX. R. APP. P. 25.2(d); 37.1.

On December 22, 2008, defendant's appellate counsel filed a letter stating she had reviewed the record and could "find no right of appeal for Appellant . . . [and] this court has no choice but to dismiss the appeal." In light of the record presented, we agree with defendant's counsel that Rule 25.2(d) requires this court to dismiss this appeal. Accordingly, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH